BANK OF WINDSOR v. CLARK PEANUT COMPANY, INC., AND BIRD-SONG & COMPANY, INC.

(Filed 13 March, 1929.)

**Bills and Notes—Checks and Drafts—Rights and Liabilities of Banks in Course of Collection—Agency.**

A bank that receives for collection drafts from the duly authorized agent of another and advances the money on them, of which the principal receives the benefit, and the drafts are not paid when presented to the drawee bank in due course for collection owing to its insolvency, the bank of deposit may maintain an action against the principal for the money so advanced, when it is found as a fact, by the trial court, to which no exception is taken, that the collecting bank was the agent of the drawee and not the owner of the drafts, on the ground that the principal is liable for the default of his agent.

APPEAL by defendants from *Midyette, J.,* at August Term, 1928, of BERTIE. Affirmed.

Action for the recovery of money paid by plaintiff to the agent of defendants, on drafts drawn by said agent on defendant, Clark Peanut Company, Inc.; said money was used by said agent for the purchase of peanuts on account of defendants, as partners. The peanuts purchased by said agent and paid for with said money were shipped to and received by defendants.

Said drafts were duly presented to Clark Peanut Company, Inc., for payment, by the United Commercial Bank, of Plymouth, N. C., agent

of said Peanut Company, Inc., and paid by said company. Plaintiff, however, has not received from said United Commercial Bank of Plymouth payment for said drafts.

By consent, a trial by jury was waived, and the facts found by the court.

From judgment that plaintiff recover of defendants the money paid by it to defendants' agent, defendants appealed to the Supreme Court.

*Winston & Matthews for plaintiff.*
*Ward & Grimes and MacLean & Rodman for defendants.*

CONNOR, J. On 5 January, 1925, W. A. Tadlock, a resident of Bertie County, North Carolina, drew two drafts, one for $1,419.46, and the other for $1,922.95, both payable to the order of the Bank of Windsor, of Windsor in said county and State, the plaintiff in this action. Both said drafts were drawn on Clark Peanut Company, Inc., of Plymouth, N. C. Both were payable at sight. These drafts were delivered by the said W. A. Tadlock to the Bank of Windsor, on 6 January, 1925. The Bank of Windsor credited the account of said W. A. Tadlock with the full amount of said drafts, and thereafter charged to his account his checks, aggregating the full amount of said credit. The Bank of Windsor thus paid to W. A. Tadlock the sum of $3,342.41, the amount of said drafts.

On 7 January, 1925, the Bank of Windsor forwarded said drafts, by mail, to the National Bank of Commerce, of Norfolk, Va., which duly acknowledged receipt of same, and credited the Bank of Windsor with their amount; on 8 January, 1925, the National Bank of Commerce forwarded said drafts, by mail, to the United Commercial Bank of Plymouth, N. C., for presentment to and collection from Clark Peanut Company, Inc. On 10 January, 1925, the said drafts were duly presented for payment by the United Commercial Bank of Plymouth to Clark Peanut Company, Inc.; on said day Clark Peanut Company, Inc., delivered to said United Commercial Bank of Plymouth its checks, one for $1,419.46, and the other for $1,922.95, both drawn on said bank in payment of said drafts; the said checks were charged to the account of said Clark Peanut Company, Inc., by the said United Commercial Bank, and thereafter delivered to said Clark Peanut Company, Inc., marked "Paid." At the time said checks were charged to its account the Clark Peanut Company, Inc., had on deposit with the said bank, to its credit, a sum in excess of the amount of said checks, and the said bank had assets in cash and deposits in solvent banks, largely in excess of said amount. Upon its receipt of said checks, the United Commercial Bank delivered the said drafts, marked "Paid," to Clark Peanut Com-

pany, Inc. The Clark Peanut Company, Inc., thus paid to the United Commercial Bank of Plymouth, the drafts drawn on it by W. A. Tadlock, payable to the order of the Bank of Windsor.

On 13 January, 1925, the United Commercial Bank of Plymouth remitted to the National Bank of Commerce of Norfolk, from whom it had received said drafts for presentment and collection, by its check on the Seaboard National Bank of Norfolk, for the proceeds of said drafts. This check was duly presented for payment by the National Bank of Commerce to the Seaboard National Bank. Payment of said check was refused by the Seaboard National Bank because the drawer, United Commercial Bank of Plymouth, had no funds to its credit with the said drawee bank. The National Bank of Commerce thereupon charged the Bank of Windsor with the amount of said drafts, thus offsetting the credit which it had given said Bank of Windsor when it received said drafts. The Bank of Windsor thus has not received payment for said drafts; the amount paid by it to W. A. Tadlock, on account of said drafts, is now due and owing to the plaintiff, Bank of Windsor.

On 14 January, 1925, the United Commercial Bank of Plymouth closed its doors and ceased to do business. On said day, and for some time prior thereto, it was hopelessly insolvent. A receiver for said bank has been duly appointed.

On 6 January, 1925, the day on which the drafts drawn by W. A. Tadlock were received by the Bank of Windsor and credited to his account, the said W. A. Tadlock was the agent of the Clark Peanut Company, Inc., and as such agent was authorized to buy peanuts for said company from farmers in Bertie County. As such agent he was authorized to draw on said company for money with which to pay for peanuts bought by him for said company. The drafts drawn by W. A. Tadlock on 5 January, 1925, and deposited by him in the Bank of Windsor, on the next day thereafter, were drawn and deposited for the purpose of procuring money at Windsor with which to pay for peanuts bought by the said W. A. Tadlock for the defendants, Clark Peanut Company, Inc., and Birdsong & Company, Inc., as partners. The peanuts bought by W. A. Tadlock and paid for by him with the money procured from the Bank of Windsor on said drafts were shipped to and received by defendants.

For the purpose of providing their agent, W. A. Tadlock, with money to pay for said peanuts, defendants authorized the said W. A. Tadlock to draw the drafts, which the Bank of Windsor received as deposits from the said W. A. Tadlock, and upon which it paid him the money which it now seeks to recover. The Bank of Windsor, the National Bank of Commerce, of Norfolk, Va., and the United Commercial Bank of Ply-

mouth were all agents of the Clark Peanut Company, Inc., for the collection of said drafts, and for the remittance of the proceeds thereof to the Bank of Windsor.

Plaintiff's right to recover in this action is determined by the finding of the court, to which there was no exception, that the collecting bank was the agent of the drawee, and not agent of the payee or owner of the drafts. Defendants, therefore, and not the plaintiff, are liable for the default of the United Commercial Bank. Plaintiff has not been paid the money which it advanced to W. A. Tadlock, agent of defendants, and which said agent used for the purchase of peanuts which were shipped to and received by defendants. There is no error in the judgment that plaintiff recover said money with interest from the defendants. The judgment is supported by the principle that a principal is liable for the default of his agent, and is

Affirmed.